# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Contract |

| | |
|---|---|
| The Bridges at Arbor Lakes I Association, | Court File No.: _____ |
| | Judge: _____ |
| Plaintiff, | |
| vs. | |
| | **SUMMONS** |
| AmGuard Insurance Company, | |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO: Defendant AmGuard Insurance Company, 16 S. River Street, Wilkes-Barre, PA 18702.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Smith Jadin Johnson, PLLC, 7900 Xerxes Avenue South, Suite 2020, Bloomington, MN 55431.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**SMITH JADIN JOHNSON, PLLC**

Dated: March 4, 2019

By: /s/ Bradley K. Hammond
Alexander M. Jadin (#387219)
Bradley K. Hammond (#0391611)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone: (952) 388-0289
Facsimile: (612) 235-7927
Attorneys for Plaintiff

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Contract |

| | |
|---|---|
| The Bridges at Arbor Lakes I Association, | Court File No.: _____ |
| Plaintiff, | Judge: _____ |
| vs. | |
| AmGuard Insurance Company, | **COMPLAINT** |
| Defendant. | |

Plaintiff The Bridges at Arbor Lakes I Association as and for its Complaint against AmGuard Insurance Company, states and alleges as follows:

**PARTIES**

1.  At all times relevant hereto, Plaintiff, The Bridges at Arbor Lakes I Association (hereinafter "Plaintiff") was a corporation organized and existing under the laws of the State of Minnesota with its registered office address located at 5707 Excelsior Boulevard, St. Louis Park, Minnesota.

2.  Upon information and belief, Defendant AmGuard Insurance Company (hereinafter "Defendant") is a foreign insurance company licensed and authorized to sell insurance and transact business in the State of Minnesota with its principal place of business located at 16 S. River Street, Wilkes-Barre, Pennsylvania 18702.

3.  The Property and Plaintiff's principal place of business are located in Hennepin County, Minnesota; therefore, the above-named Court has jurisdiction over this matter.

**FACTS**

4. This matter concerns a dispute over the property deductible applicable to an insurance claim and the amount of preaward interest due to Plaintiff on an appraisal award pursuant to Minn. Stat. §549.09.

5. On or about March 7, 2016 in anticipation of renewing its insurance policy with Defendant, Plaintiff approved a renewal option that included a Wind/Hail Deductible of $10,000 per occurrence. The renewal option was presented by an independent insurance agent, Greg Ganyo on behalf of Defendant, who, upon information and belief was authorized to negotiate and sell insurance policies on behalf of Defendant.

6. Thereafter, Defendant issued an insurance policy to Defendant, Policy No.: XXXXXX0271 (the "Policy") that insured against, among other things, damage from hail.

7. The Policy was issued to Plaintiff with an effective period of March 31, 2016 to March 31, 2017, which unbeknownst to Plaintiff, stated a Property Deductible of $10,000 per building, and a copy of the Policy was not provided to Plaintiff at the time it was issued. The Policy was subsequently renewed with an effective period of March 31, 2017 to March 31, 2018.

8. On or about June 11, 2017, Plaintiff's multi-unit common interest community generally located in Maple Grove, Hennepin County, Minnesota (the "Property") suffered extensive damage caused by hail (the "Loss").

9. The Property consists of 23 individual buildings.

10. The parties are unable to agree on the scope and amount of the Loss and on November 14, 2018 the parties participated in an appraisal of the Loss pursuant to the terms

and conditions set forth in the Policy consistent and Minn. Stat. §65A.01 to determine the amount of the Loss.

11. Upon payment of the amount of the Loss owed pursuant to the appraisal award, Defendant applied a $10,000 deductible for each of the 23 damaged buildings at the Property.

## COUNT I
## Breach of Contract

12. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein and further state and allege as follows.

13. The Policy is a contract between Plaintiff and Defendant.

14. Plaintiff has performed all conditions precedent necessary to obligate Defendant to perform under the Policy, including paying premiums and cooperating with Defendant's investigation and adjustment of the Loss.

15. Plaintiff relied upon Defendant to honor its contractual obligations to properly adjust, pay for the Loss and apply the agreed upon deductible.

16. Defendant has breached the Policy by failing to apply the correct deductible when adjusting and paying the amount of the Loss.

16. As a direct result of Defendant's breach of contract, Plaintiff has been damaged in an amount in excess of $50,000, the specific amount to be determined at trial.

## COUNT II
## Declaratory Judgment

17. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

18.     This matter is brought pursuant to the Uniform Declaratory Judgment Act, Minn. Stat. § 555.01, *et seq.*

19.     Plaintiff seeks a judicial determination of its rights under Minn. Stat. § 549.09 and its application to the agreed upon deductible applicable to the Loss.

20.     There is a real and justiciable controversy between Plaintiff and Defendant regarding the correct deductible applicable to the Loss.

21.     Plaintiff is entitled to the application of a $10,000 per occurrence deductible as agreed between the parties.

### COUNT III
### Preaward Interest pursuant to Minn. Stat. §549.09

22.     Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein and further states and alleges as follows.

23.     Plaintiff seeks a judicial determination of its rights under Minn. Stat. § 549.09 and its application to the November 14, 2018 appraisal award.

24.     There is a real and justiciable controversy between Plaintiff and Defendant regarding the amount of preaward interest owed to Plaintiff.

25.     Plaintiff is entitled to pre-award interest on the November 14, 2018 appraisal award pursuant to Minn. Stat. § 549.09 in the amount of $36,864.76.

WHEREFORE, Plaintiff prays for judgment of the Court against Defendant for the following relief:

1.      Judgment in favor of the Plaintiff and against Defendant for an amount in excess of $50,000, the exact amount to be proven at trial;

2.      That Plaintiff is entitled to declaratory judgment declaring that the property deductible applicable to the Loss is $10,000 per occurrence per the agreement of the parties;

3. That Plaintiff is entitled to declaratory judgment entitling it to pre-award interest on the appraisal award in the amount of $36,864.76;

4. An award of attorney's fees, costs and disbursements; and

5. For such other and further relief as this Court deems just and equitable.

**SMITH JADIN JOHNSON, PLLC**

Dated: March 4, 2019    By: /s/ Bradley K. Hammond
Alexander M. Jadin (#387219)
Bradley K. Hammond (#0391611)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
Telephone:  (952) 388-0289
Facsimile:  (612) 235-7927
Attorneys for Plaintiff

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

**SMITH JADIN JOHNSON, PLLC**

Dated: March 4, 2019            By: /s/ Bradley K. Hammond
                                                 Alexander M. Jadin (#387219)
                                                 Bradley K. Hammond (#0391611)
                                                 7900 Xerxes Avenue, Suite 2020
                                                 Bloomington, MN 55431
                                                 Telephone:  (952) 388-0289
                                                 Facsimile:  (612) 235-7927
                                                 Attorneys for Plaintiff

# EXHIBIT B

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE:  CONTRACT |

The Bridges at Arbor Lakes I Association,

    Plaintiff,

v.

**NOTICE OF FILING OF NOTICE OF REMOVAL**

AmGuard Insurance Company,

    Defendant.

---

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant AmGuard Insurance Company hereby notifies this Court that it has this day removed this action to the United States District Court for the District of Minnesota.  A copy of the Notice of Removal filed in the United States District Court for the District of Minnesota is attached hereto as Exhibit 1.

This Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by Order of the United States District Court for the District of Minnesota.

                                         **MEAGHER & GEER, P.L.L.P.**

Dated:  April 3, 2019                    By:  *s/Tony R. Krall*
                                               Tony R. Krall (#159694)
                                               33 South Sixth Street, Suite 4400
                                               Minneapolis, MN  55402
                                               Telephone:  (612) 338-0661
                                               Facsimile:  (612)338-8384
                                               E-mail:  tkrall@meagher.com
                                             ***Attorneys for Defendant AmGUARD Insurance Company***